[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff appeals from the action of the Common Council of the City of New Britain acting as the Zoning Authority for the City of New Britain, in approving the application of the defendant, Commercial Foundry, Inc., for a Motor Vehicle Junkyard license.
The plaintiff alleges that the defendant council, acting as the Zoning Commission, in approving the defendant Commercial Foundry, Inc.'s application for a motor vehicle junkyard license, acted illegally, arbitrarily and in abuse of its discretion.
The plaintiff's allegations in brief are that the Common Council failed to follow the statutory requirements set out in Chapter 246(H) as specifically set out in § 14-67k; also, that the Common Council failed to act within a reasonable time; and failed to provide reasons for its approval of the application.
Both defendants deny the allegations contained in the complaint and assert that the statutory criteria was followed CT Page 6850-B and was the basis for the Council's decision.
The plaintiff claims to be aggrieved by the Council's approval of the junkyard application, as an abutting owner of a junkyard to that proposed by the applicant, and, in that there is sufficient motor vehicle junkyard capacity in the area. The court finds that he is an aggrieved party.
The court further finds, after hearing oral argument, reviewing the records and studying the parties' briefs; finds that, the Common Council of the City of New Britain acting as the Zoning Authority received the defendant, Commercial Foundry's application for a motor vehicle junkyard license. A public hearing was held, the application was presented to the Council acting as the Zoning Authority where it was approved. That, the approval was based upon the statutory requirements set out in § 14-67k of the General Statutes.
This appeal is dismissed.
The court notes that the plaintiff complains that the Common Council denied the application, then subsequently raised the application and voted on it again overturning its original denial. However, the original denial was by a committee of the whole council that had the responsibility of conducting the public hearing and then reporting back to the Council. The fact that this committee recommended to the Council that the application be denied had no binding effect on the Council when it sat as the Zoning Authority. The Council received the Committee's recommendation but did not follow it. Further, the fact that the Committee was composed of the whole membership of the Council had no binding effect on the individual members when voting on the application as Council members.
Additionally, the fact that the Council had the application before it and tabled it for several months in no way invalidated its action when the application was taken off the table and acted on it.
There was a change in the membership composition of the Council between the time of the original action on the application and the time that the application was taken off the table and acted upon. Each new member of the Council certified by affidavit that he had reviewed the record regarding the application prior to voting on it. CT Page 6850-C
To the extent that the Council had facts and information presented to it from which it could make its decision in conformity with the statutory requirements an explanation by it (the Council) as to how it reached its decision, or what weight was given to individual facts was not required.
Therefore, Judgment of Dismissal of the Appeal is to issue.
JULIUS J. KREMSKI STATE TRIAL REFEREE